## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER PERRY (250269),** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.:** |
| | ) | **2:07-cv-1013-MHT** |
| | ) | |
| **CAMELIA CARGLE and** | ) | |
| **STEVE TERRY,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ANSWER AND SPECIAL REPORT

**COMES NOW**, the defendants, **Camelia Cargle** and **Steve Terry**, by and through Bettie J. Carmack of the Attorney General's Office, and hereby files their answer and special report in the above stated cause of action:

## ANSWER

In response to the Plaintiff's allegations, Defendants state as follows:

1. Defendants deny Plaintiff's allegations and demand strict proof thereof.

2. Defendants deny that any of the Plaintiff's constitutional rights have been violated.

3. Defendants assert the affirmative defenses of sovereign, qualified immunity, and absolute immunity.

4.  Defendants deny each and every material allegation not expressly admitted herein and demand strict proof thereof.

## SPECIAL REPORT

### *Parties*

1.  **CHRISTOPHER PERRY** (Plaintiff) – An inmate currently incarcerated at Ventress Correctional Facility which is located at P. O. Box 767 Clayton, AL 36016.

2.  **CAMELIA CARGLE** (Defendant) – a Correctional Sergeant employed by the Alabama Department of Corrections, whose work location is Ventress Correctional Facility located at P. O. Box 767 Clayton, AL 36016.

### *Exhibits*

•  Exhibit A –  Affidavit of Camelia Cargle

•  Exhibit B – Affidavit of Steve Terry

•  Exhibit C –  ***November 13, 2007 Incident Report

   ***November 13, 2007 Body Chart

   ***November 12, 2007 statement (7:20 p.m.)
        (Camelia Cargle)

   ***November 12, 2007 statement (8:05 p.m.)
        (Camelia Cargle)

### *Plaintiff's Claims*

The Plaintiff contends that Camelia Cargle hit him in the face and caused injury to his ear and "buste[d]" his lip. (Complaint, pg. 2) The Plaintiff further contends that Steve Terry saw the incident and took no action to protect him or report the incident. *See id.*

### *Facts*

On November 12, 2007 at 8:05 p.m., Inmate Perry came to the Shift Commander's Office and informed Camelia Cargle that another inmate was looking at him while he was asleep. (Exhibit **A**) Sergeant Cargle spoke with the other inmate and determined that Inmate Perry was so close to the inmate that other inmates starting teasing Inmate Perry. *See id.* Inmate Perry became embarrassed by the teasing and threatened to kill the inmate in Sergeant Cargle's presence. *See id.* Sergeant Cargle verbally reprimanded Inmate Perry and that was the end of the matter. *See id.* Four (4) hours later, at 12:20 a.m. on November 13, 2007, Inmate Perry asked to be taken to the health care unit and claimed that "the female sergeant on second shift slapped him in the face" because she thought he was involved in an altercation with Inmates Octavius Pickett and Harlen Bradley. (Exhibit **C**, pg. 2)

<u>ARGUMENTS</u>

I.     *Excessive Force claim against Camelia Cargle*

Inmate Perry contends that Camelia Cargle used excessive force when she allegedly hit him in the face on November 12, 2007.  Claims of excessive force against inmates are governed by the Eighth Amendment's proscription of cruel and unusual punishment.  <u>Campbell v. Sikes</u>, 169 F.3d 1353, 1374 (11th Cir. 1999).  To establish an Eighth Amendment claim of excessive force, the Plaintiff must prove that "'force was applied … maliciously and sadistically for the very purpose of causing harm.'"  *Id., quoting* <u>Whitley v. Albers</u>, 475 U.S. 312, 320-21 (1986); *see also* <u>Bozeman v. Orum</u>, 422 F. 3d 1265, 1271 (11th Cir. 2005) *quoting* <u>Brown v. Smith</u>, 813 F.2d 1187, 1188 (11th Cir. 1987)("whether or not a prison guard's application of force is actionable turns on whether that force was applied in a good faith effort to maintain or restore discipline or maliciously or sadistically for the very purpose of causing harm").

Inmate Perry contends that Camelia Cargle used excessive force against him.  Both Sergeant Cargle and Officer Terry deny that Camelia Cargle used ANY force against Inmate Perry.  (Exhibits **A** and **B**)  The incident in question occurred at approximately 8:21 p.m..  Inmate Perry did not make a request for medical assistance until 12:20 a.m.. (Exhibit **C**, pg. 2)

Inmate Perry had four (4) hours to concoct a story to obtain revenge against Sergeant Cargle for allowing him to be teased for being too close to another male inmate.  Because the evidence seems to indicate that Inmate Perry was not hit by Sergeant Cargle, his complaint against Sergeant Cargle and Officer Terry is due to be dismissed.

Furthermore, the extent of Inmate Perry's injury is relevant to his Eighth Amendment claim.  Inmate Perry's only alleged injury is ringing in the ears and a "busted" lip.  Inmate Perry's alleged injuries were minor.  The United States Supreme Court has stated that: "While a minor injury to an inmate will not bar an action for excessive force, 'de minimis uses of physical force' generally are not sufficient to state a claim for relief." Malik v. Mack, 15 F. Supp.2d at 1050 *quoting* Hudson v. McMillian, 503 U.S. 1, 9-11 (1992).

II.    *Failure to protect claim against Steve Terry*

Inmate Perry contends that Steve Terry saw Camelia Cargle hit him and took no action and tried to cover it up. (Complaint, pg. 3)  "In a failure to protect claim, a prisoner must first show that the harm he suffered was **objectively serious** and second that **prison officials acted with deliberate indifference**."  Oliver v. Matthews, No. 2:02-CV-1373-F, 2005 WL 1270949, at *3 (M.D. Ala. 2005).

Officer Terry denies that Camelia Cargle hit Inmate Perry. (Exhibit B) Furthermore, even if arguendo, it was shown that Inmate Perry was injured by Sergeant Cargle, he has failed to show that he suffered serious injury. The only injury suffered by Inmate Perry was slight discomfort in his ear. (Exhibit C, pg. 3)

Moreover, Inmate Perry has failed to show that Officer Terry acted with deliberate indifference by allegedly not stopping the incident or reporting it.  A constitutional violation occurs only when a Plaintiff establishes the existence of "a substantial risk of serious harm, of which the official is subjectively aware . . . and [that] the official does not respond[] reasonably to the risk'. . ." Marsh v. Butler County, 268 F. 3d 1014, 1028 (11th Cir. 2001) *quoting* Farmer, 511 U.S. at 844.  Thus, in order for Inmate Perry to establish his claim that Officer Perry failed to protect him from the

actions of Sergeant Cargle, he would have to show: (1) risk of serious harm;

(2) Officer Terry's deliberate indifference to that risk; and (3) causation. *See*

Hale v. Tallapoosa County, 50 F. F. 3d 1579, 1582 (11th Cir. 1995).  In this

case, Inmate Perry has failed to plead that Officer Terry was aware of any

serious harm that he may suffer at the hand of Sergeant Cargle.  Inmate

Perry has also failed to show that he had a risk of serious harm from

Sergeant Cargle in light of the fact that he only allegedly suffered a minor

injury (slight ear discomfort) at the hand of Sergeant Cargle.

Because the evidence indicates that Officer Terry was not aware that

Sergeant Cargle may cause Inmate Perry injury, Officer Terry is due to be

dismissed from the action.

***Inmate Perry's complaint against the defendants is due to be dismissed because the defendants are immune from liability.***

The Plaintiff's claims against Camelia Cargle and Steve Terry should be dismissed because these defendants are immune from liability. As the United States Supreme Court has stated:

> There can be no doubt … that suit against the State and its Board of Corrections is barred by the Eleventh Amendment, unless Alabama has consented to the filing of such a suit. <u>Edelman v. Jordan</u>, 415 U.S. 651 (1974); <u>Ford Motor Co. v. Department of Treasury</u>, 323 U.S. 459 (1945); <u>Worcester County Trust Co. v. Riley</u>, 302 U.S. 292 (1937). Respondents do not contend that Alabama has consented to this suit, and it appears that no consent could be given under Art. I, § 14, of the Alabama Constitution, which provides that 'the State of Alabama shall never be made a defendant in any court of law or equity.'

<u>Alabama v. Pugh</u>, 438 U.S. 781, 782 (1978).

The Defendants are state employees, and a suit against them is a suit against the State. In addition, there has been no consent or waiver of immunity in this case. Thus, Camelia Cargle and Steve Terry are absolutely immune from liability.

***Inmate Perry's complaint against the defendants is due to be dismissed because he has failed to state a claim upon which relief can be granted.***

In his complaint, the only relief that Inmate Perry has sought is the ability to "sue the Defendant[s]." (Complaint, pg. 4)  Inmate Perry has sued the Defendants and, thus, he has been granted the form of relief he has requested.  Inmate Perry's request for relief is now moot and, therefore, his complaint is due to be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

## <u>CONCLUSION</u>

Based on the foregoing, the Defendants respectfully request that this Honorable Court dismiss the above stated action.

Respectfully submitted,

TROY KING
ATTORNEY GENERAL

/s/ *Bettie J. Carmack*
Bettie J. Carmack
Assistant Attorney General
Civil Litigation Division
11 South Union Street
Montgomery, AL 36130
(334) 353-5305
Fax: (334) 242-2433

## **CERTIFICATE OF SERVICE**

This is to certify that I have on this **25th** day of **January**, **2008**,

served copies of the foregoing pleading upon the plaintiff by depositing

same in the United States Mail, addressed as follows:

**Inmate Christopher Perry**
**AIS #200033**
**Ventress Correctional Facility**
**P. O. Box 767**
**Clayton, AL 36016-0767**

/s/ *Bettie J. Carmack*
Bettie J. Carmack
Assistant Attorney General



DEFENDANT'S
EXHIBIT

A

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

Christopher Perry, #250269     )
                              )
      Plaintiff.             )
                              )
vs.                           )   CV:2:07-CV-1013-MHT
                              )
COII Sgt. Cargle, COI Terry     )
                              )
      Defendants.         )

AFFIDAVIT

Before me, the undersigned authority, a Notary Public in and for said County

and State of Alabama at Large, personally appeared one Camelia Cargle, who

being known to me and being by me first duly sworn, deposes and says on oath

as follows:

My name is Camelia Cargle, and I am presently employed as a Correctional

Sergeant with the Alabama Department of Corrections at the Ventress

Correctional Facility in Clayton, Alabama.  I am over the age of twenty-one (21).

In the complaint that I received from Christopher Perry, #250269 he alleges

that he was hit very hard by me (Sgt. Cargle) and that Correctional Officer Terry

was looking while this happened.  He further states we were trying to cover it up

by not giving him a body chart.  I make this affidavit in defense thereof.

On November 12, 2007, at approximately 8:05 p.m., Inmate Christopher Perry,

B/M #250269, arrived at the Shift Commander's Office.  He advised me that an

inmate was looking at him while he was asleep.  At approximately 8:10 p.m., I,

Page 2
Affidavit – Camelia A. Cargle

Sgt. Cargle investigated the alleged incident.  I talked with the inmate that Inmate

Perry alleged was looking at him.  After investigating the incident it was

determined that Inmate Perry was very close to this particular inmate and due to

other inmates teasing him about being close to this inmate, Inmate Perry became

upset.  Inmate Perry reported to me that he was going to kill the inmate in my

presence.  I verbally reprimanded both inmates about their negative behavior.

Both inmates signed living agreements.  At no time did I put my hands on Inmate

Christopher Perry.

　　　The above-related facts are the entirety of my involvement with Inmate Perry

regarding these allegations.   I deny that I have violated any of his constitutional

rights.

_Camelia Cargle_ CoS 1-18-08
　　Camelia Cargle　　　　　　Date


State of Alabama   )

Barbour County    )

Sworn to and subscribed before me this _10th_ day of _January_, 2008.

_Reba J Currie_
　　　Notary Public

My Commission Expires: 9-8-08

DEFENDANT'S
EXHIBIT

B

PENGAD 800-631-6989

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

Christopher Perry, #250269    )
                             )
      Plaintiff.         )
                             )
vs.                     )   CV:2:07-CV-1013-MHT
                             )
COII Sgt. Cargle, COI Terry    )
                             )
      Defendants.     )

A F F I D A V I T

Before me, the undersigned authority, a Notary Public in and for said County

and State of Alabama at Large, personally appeared one Steve Terry, who being

known to me and being by me first duly sworn, deposes and says on oath as

follows:

My name is Steve Terry, and I am presently employed as a Correctional

Officer with the Alabama Department of Corrections at the Ventress Correctional

Facility in Clayton, Alabama. I am over the age of twenty-one (21).

In the complaint that I received from Christopher Perry, #250269 he alleges

that he was hit by Correctional Sergeant Camelia Cargle while I was looking. He

further states that we later tried to cover it up by not getting a body chart. I make

this affidavit in defense thereof.

On November 12, 2007, I, Officer Steve Terry was assigned as Dormitory F1

Rover. At approximately 8:21 p.m., Inmate Perry and two (2) other inmates were

escorted to the Shift Commander's Office after a physical altercation occurred on

Page 2
Affidavit – Steve Terry

F1 side.  Inmate Perry became very upset when Sgt. Cargle would not lock up

the other inmate for supposedly looking at him in a sexual manner.  Inmate Perry

made several threats against this inmate in the presence of Sgt. Cargle and

myself.  Sgt. Cargle verbally reprimanded Inmate Perry about his negative

behavior.  At no time did Sgt. Cargle put her hands on Inmate Perry.  Inmate

Perry was released back to general population.

　　The above-related facts are the entirety of my involvement with Inmate Perry

regarding these allegations.   I deny that I have violated any of his constitutional

rights.

　　　　　　　　　　　　　　　　Steve Terry CO  1 - 11 -08
　　　　　　　　　　　　　　　　Steve Terry　　　　　Date


State of Alabama    )

Barbour County     )

Sworn to and subscribed before me this __11 th__ day of January, 2008.

　　　　　　　　　　　　　　Reba D Currie
　　　　　　　　　　　　　　Notary Public
　　　　　　　　　　　　　　My Commission Expires: 9-8-08

DEFENDANT'S
EXHIBIT

_C_

# A F F I D A V I T

)
)
)
)

## STATE OF ALABAMA

I, Reba T. Currie, hereby certify and affirm that I am an ASAIII, at Ventress Correctional Facility; that I am one of the custodian of records at this institution; that the attached documents are true, exact, and correct photocopies of certain documents maintained here in the institutional files; and that I am over the age of twenty-one years and am competent to testify to the aforesaid documents and matters stated therein.

I further certify and affirm that said documents on Christopher Perry, #250262 are maintained in the usual and ordinary course of business at the Ventress Correctional Facility; and that said documents were made at, or reasonably near the time that the transactions referred to therein are said to have occurred.

This, I do hereby certify and affirm to on this the 10th day of January, 2008.

_Reba J. Currie_
Signature


SWORN TO AND SUBSCRIBED BEFORE ME THIS 10th DAY OF January 2008

_Carolyn M. Dowdell_
Notary Public
My Commission Expires: 04/06/2010

STATE OF ALABAMA
DEPARTMENT OF CORRECTIONS

# INCIDENT REPORT

| 1. Institution: VENTRESS CORRECTIONAL FACILITY | 2. Date: NOVEMBER 13, 2007 | 3. Time: 12:20 AM | 4. Incident Number:    Class Code: ~~XXX08~~VCF07–058C |
|---|---|---|---|

| 5. Location Where Incident Occurred: DORMITORY F1-SIDE | 6. Type of Incident: INMATE ALLEGE ASSAULT |
|---|---|

| 7. Time Incident Reported: 12:22 AM | 8. Who Received Report: Dorothy Flowers, CL    DOROTHY FLOWERS, CL |
|---|---|

**9. Victims:**          Name                                             AIS

| | Name | No. |
|---|---|---|
| a. | CHRISTOPHER PERRY | B/250262 |
| b. | N/A | N/A |
| c. | N/A | N/A |

**10. Suspects:**   Name         AIS   |   **11. Witnesses:**   Name         AIS

| 10. Suspects | Name | No. | | 11. Witnesses | Name | No. |
|---|---|---|---|---|---|---|
| a. | N/A | N/A | | a. | N/A | N/A |
| b. | N/A | N/A | | b. | N/A | N/A |
| c. | N/A | N/A | | c. | N/A | N/A |
| d. | N/A | N/A | | d. | N/A | N/A |
| e. | N/A | N/A | | e. | N/A | N/A |
| f. | N/A | N/A | | f. | N/A | N/A |
| | | | | g. | N/A | N/A |

**PHYSICAL EVIDENCE:**

12. Type of Evidence
N/A

13. Description of Evidence:
N/A

14. Chain of Evidence:
a   N/A
b
c
d
e

15. Narrative Summary:  On November 13, 2007, at approximately 12:20 a.m., Inmate Christopher Perry, B/250262, approached Officer John McKinnon in Dormitory F1-Side and stated to Officer McKinnon, "I have a ringing in my left ear, an officer slapped me in my face." At approximately 12:22 a.m., Officer McKinnon escorted Inmate Perry to the Shift Commander's Office, where Lieutenant Dorothy Flowers questioned Inmate Perry concerning the incident. Inmate Perry stated to Lieutenant Flowers, "My ear is ringing because the female sergeant on second shift slapped me in the face while in the Shift Commander's Office." Lieutenant Flowers asked Inmate Perry, "Why?" Inmate Perry stated, "She thought that I was involved in a physical altercation with Inmates Octavius Pickett, B/243504 and Harlen Bradley, B/244797." At approximately 12:30 a.m., Officer McKinnon escorted Inmate Perry to the Health Care Unit, where Nurse Barbara Liebe, RN examined Inmate Perry.  (See attached body chart).  Inmate Perry remains in Ventress Population.  No further action taken.

John M. McKinnon  CO
John McKinnon, CO

250269

| Distribution: | ORIGINAL AND ONE (1) COPY to Central I & I Division | COPY to Deputy Commissioner of Operations (Class A and B ONLY) |
|---|---|---|
| | COPY to Institutional File | COPY to Central Records Office |

ADOC Form 302-A – June 1, 2005

DM
11/2010

**PHS**
PRISON
HEALTH
SERVICES
INCORPORATED

## EMERGENCY

| ADMISSION DATE | TIME | ORIGINATING FACILITY  UCF | ☐ SICK CALL   ☐ EMERGENCY |
|---|---|---|---|
| 11 /13/07 | 1230 ☐AM ☒PM | ☐ SIR ☐ PDL ☐ ESCAPEE ☐ _____  DOC | ☐ OUTPATIENT |

| ALLERGIES  Ritalin | — O2 sat 98% — Wt 179# | CONDITION ON ADMISSION  ☒ GOOD ☐ FAIR ☐ POOR ☐ SHOCK ☐ HEMORRHAGE ☐ COMA |
|---|---|---|

| VITAL SIGNS: TEMP  99.8 | ☒ORAL ☐RECTAL | RESP. 20 | PULSE 64 | B/P 120/80 | RECHECK IF SYSTOLIC <100> 50 |
|---|---|---|---|---|---|

| NATURE OF INJURY OR ILLNESS | ABRASION /// | CONTUSION # | BURN xx xx | FRACTURE Z Z | LACERATION / _____ SUTURES |
|---|---|---|---|---|---|

S- Between 8:30 pm & 9:00 pm last night an Officer, slapped me on my left ear. It didn't bother me @ the time but now there is a buzzing sound in my ℗ ear. I hear the buzzing when some one talks loudley. Denied any drainage from ear, HA, or vision Δ. No dizziness. No N/V.

O- Ambulated to HCU. A/O X 3. Steady gait. Skin W/D. Speech clear. Pupils PERRL. TM c̄ small amt red

**PHYSICAL EXAMINATION**

liquid seen @ base of eardrum, behind TM. Denied any recent ear infection or injury. Slight edema to ℗ jaw area. No drainage seen from ear. Denied any injury to teeth. Able to open jaw & chew c̄ slight discomfort. No Pain. C/O buzzing in ℗ ear c̄ loud speech.

A- ℗ Left ear / DOC Body chart

P- Appt. to see MD 11-13-07

PROFILE RIGHT OR LEFT

RIGHT OR LEFT

| ORDERS / MEDICATIONS / IV FLUIDS | TIME | BY |
|---|---|---|
| | | |

**DIAGNOSIS**

**INSTRUCTIONS TO PATIENT**
Report to HCU for any drainage from ear, HA, dizziness, or other abnormal.

| DISCHARGE DATE | TIME | RELEASE / TRANSFERRED TO | | CONDITION ON DISCHARGE |
|---|---|---|---|---|
| 11 /13/07 | 1255 ☐AM ☒PM | ☒ DOC ☐ AMBULANCE ☐ | | ☒ SATISFACTORY ☐ POOR  ☐ FAIR ☐ CRITICAL |

| NURSE'S SIGNATURE | DATE | PHYSICIAN'S SIGNATURE | DATE | CONSULTATION |
|---|---|---|---|---|
| B. Liho RN | 11-13-07 | | | |

| INMATE NAME (LAST, FIRST, MIDDLE) | | DOC# | DOB | R/S | FAC. |
|---|---|---|---|---|---|
| Rerrix, Christopher | | 250269 | 4-06-84 | B/M | UCF |

## STATEMENT

On November 12, 2007, at approximately 7:20 p.m., Officer Steve Terry confiscated (2) tattoo instruments from behind Inmate Christopher Perry's B/250269, living area. At approximately 7:30 p.m., I, Sergeant Camelia A. Cargle called Inmate Perry to the Shift Commanders Office to question Inmate Perry about the (2) two tattoo instruments that were found near Inmate Perry's living area. Inmate Perry denied knowing anything about the (2) tattoo instruments that were found behind his living area. I investigated the incident and due the (2) tattoo instruments being found in a common area no disciplinary action was initiated. I verbally reprimanded Inmate Perry about his negative behavior. At no time did I put my hands on Inmate Perry.

CAMELIA A. CARGLE, COS

# STATEMENT

On November 12, 2007, at approximately 8:05 p.m., Inmate Christopher
Perry, B/250269, arrived at the Shift Commander's Office. He advised me
that an inmate was looking at him while he was asleep. At approximately
8:10 p.m., I investigated the alleged incident. I talked with the inmate that
Inmate Perry alleged was looking at him. After investigating the incident it
was determined Inmate Perry was very close to this particular inmate and
due to other inmates teasing Inmate Perry about being so close to another
man Inmate Perry became upset. Inmate Perry reported to me that he was
going to kill the inmate in my presence. I verbally reprimanded both
inmates about their negative behavior. Both inmates signed living
agreements. At no time did I put my hands on Inmate Perry.

CAMELIA A. CARGLE, COS